IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS

**Richard Nelson Cooper**                                                                        **Plaintiff**

**Cause No. 3: 12-CV-318-JTK**

**Carolyn W. Colvin, Acting Commissioner,**                                     **Defendant**
**Social Security Administration**

**ORDER AFFIRMING THE COMMISSIONER'S DECISION**

Richard Nelson Cooper seeks judicial review of the denial of his second application for disability insurance benefits and supplemental security income.[1] Cooper bases disability on poor eyesight, blood clots, and stents.[2] He claims he has been unable to work since January 15, 2006, when he was 40 years old.[3] Because the first application was denied on March 30, 2007 for failing to cooperate,[4] the relevant time period for this case begins on March 31, 2007.[5]

**The Commissioner's decision**. After considering the application, the Commissioner's ALJ determined Cooper has severe impairments — peripheral vascular

---

[1] SSA record at pp. 116 & 120.

[2] *Id*. at p. 148.

[3] *Id*. at pp. 116 & 120.

[4] *Id*. at p. 28.

[5] *Brachtel v. Apfel*, 132 F.3d 417, 419 (8th Cir. 1997) ("The law of the case doctrine prevents the relitigation of a settled issue in a case and requires courts to adhere to decisions made in earlier proceedings...;" the doctrine applies to administrative decisions).

disease, impaired vision, lumbar disc syndrome, status post stent placement, and obesity[6] — but he can do some light work.[7] Because a vocational expert identified available work,[8] the ALJ determined Cooper is not disabled under the Social Security Act and denied the application.[9]

After the Commissioner's Appeals Council denied a request for review,[10] the ALJ's decision became a final decision for judicial review.[11] Cooper filed this case to challenge the decision. In reviewing the decision, the court must determine whether substantial evidence supports the decision and whether the ALJ made a legal error.[12]

---

[6]SSA record at p. 13.

[7]*Id*. at p. 14 (reducing by the following limitations: (1) occasional kneeling or crouching, (2) no work involving large print, but no fine vision, (3) no workplace hazards like dangerous machinery or unprotected heights, and (4) no rapid repetitive flexion/extension movement of either wrist).

[8]*Id*. at p. 38 (identifying janitor and cafeteria attendant as available jobs).

[9]*Id*. at p. 19.

[10]*Id*. at p. 1.

[11]*See Anderson v. Sullivan*, 959 F.2d 690, 692 (8th Cir. 1992) (stating that "the Social Security Act precludes general federal subject matter jurisdiction until administrative remedies have been exhausted" and explaining that Commissioner's appeal procedure permits claimants to appeal only final decisions).

[12]*See* 42 U.S.C. § 405(g) (requiring district court to determine whether Commissioner's findings are supported by substantial evidence and whether Commissioner conformed with applicable regulations); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997) ("We will uphold the Commissioner's decision to deny an applicant disability benefits if the decision is not based on legal error and if there is substantial

**Credibility**.  Cooper generally challenges the ALJ's assessment of his credibility.[13]  An ALJ must assess the claimant's credibility before considering his ability to work.[14]  To assess Cooper's credibility, the ALJ followed the required two-step process[15] and considered the required factors.[16]  Thus, the question before the court is whether substantial evidence supports the ALJ's credibility assessment.[17]

Substantial evidence supports the credibility assessment because Cooper's allegations are inconsistent with the record as a whole.[18]  Cooper bases disability, in

---

evidence in the record as a whole to support the conclusion that the claimant was not disabled.").

[13]Docket entry # 11, pp. 9-12.

[14]*Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992).

[15]*See* SSR 96-7p, *Pol'y Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[16]In considering the credibility of a claimant's subjective complaints, an ALJ must consider: (1) the claimant's prior work record; (2) observations by third parties and treating and examining physicians relating to such matters as: (a) the claimant's daily activities; (b) the duration, frequency and intensity of the pain; (c) precipitating and aggravating factors; (d) dosage, effectiveness and side effects of medication; and (e) functional restrictions.  *Polaski v. Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984).  *See* SSR 96-7p, *Pol'y Interpretation Ruling Titles II & XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements*.

[17]*Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009) (stating that court must determine whether decision is supported by substantial evidence in the record as a whole).

[18]*Dunahoo v. Apfel*, 241 F.3d 1033, 1038 (8th Cir. 2001) ("The ALJ may discount complaints of pain if they are inconsistent with the evidence as a whole."); *Polaski v.*

part, on poor vision and blood clots in his legs. Cooper's corrected vision is 20/70, but he uses glasses purchased from a retail store; he sought no vision exam or prescription lens.[19] The record contains no medical evidence of blood clots.

Cooper also bases disability on stents in his groin and maintains the stents prevent him from walking, but he has sought no medical care. If Cooper experienced disabling pain and limitation, he would seek medical care. Failing to seek medical care undermined his credibility. To the extent, he relies on the lack of medical insurance and financial resources, no evidence shows he has sought low-cost treatment or indigent care. The ALJ did not err in assessing Cooper's credibility.[20]

**Ability to work**. Cooper contends he can do no work. He maintains substantial evidence does not support the determination that he can do some light work.[21] For substantial evidence to exist, a reasonable mind must accept the evidence as adequate to show Cooper can work within the ALJ's parameters.[22] "Light work involves lifting no

---

*Heckler*, 739 F.2d 1320, 1322 (8th Cir. 1984) ("Subjective complaints may be discounted if there are inconsistencies in the evidence as a whole.").

[19] Cooper reported that glasses were prescribed in 1999 or 2000. He used glasses purchased from a dollar store. SSA record at pp. 30 & 169.

[20] *Accord Edwards v. Barnhart*, 314 F.3d 964, 968 (8th Cir. 2003); *Gwathney v. Chater*, 104 F.3d 1043, 1045 (8th Cir. 1997); *Ostronski v. Chater*, 94 F.3d 413, 419 (8th Cir. 1996); *Rautio v. Bowen*, 862 F.2d 176, 179 (8th Cir. 1988).

[21] Docket entry # 11, pp. 6-9.

[22] *See Britton v. Sullivan*, 908 F.2d 328, 330 (8th Cir. 1990).

more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds."[23] The ALJ placed the following limitations on light work: (1) occasional kneeling and crouching, (2) work involving large print, no need for fine vision, (3) no workplace hazards like dangerous machinery or unprotected heights, and (4) no rapid repetitive flexion/extension movement of either wrist. Although scant medical evidence supports these limitations, a reasonable mind would accept the following evidence as adequate to show Cooper can work within these parameters:

> 1. **Evidence of left artery iliac artery stenosis**. In 2005, the artery providing the primary blood supply to Cooper's left leg was blocked; stents were placed in the artery to keep it open.[24] At that time, Cooper was 39. Cooper's surgeon prescribed medication to prevent blood clots,[25] but Cooper does not take the prescribed medication.[26] Cooper sought no follow-up care. A reasonable mind would accept the failure to seek followup care or take the prescribed medication as adequate to show that neither stents nor blood clots prevent Cooper from working. To the extent Cooper may have problems with the left leg, the ALJ limited kneeling, crouching, and workplace hazards.
>
> 2. **Physical examination**. Cooper's only medical treatment involved the 2005 placement of the stents. The ALJ responded by ordering a physical

---

[23]20 C.F.R. §§ 404.1567(b) & 416.967(b).

[24]SSA record at p. 193.

[25]*Id*. at p. 271.

[26]To the extent, Cooper maintains he cannot afford his medication, no evidence shows he sought indigent care or chose to forgo smoking to help finance prescribed medication. *Accord Riggins v. Apfel*, 177 F.3d 689, 693 (8th Cir. 1999).

examination. The only significant findings are diminished vision and a diminished range of motion in the low back.[27] Cooper walks without assistance. He can squat and rise, finger, and handle; he has full grip strength.[28] A reasonable mind would accept these findings as adequate to show Cooper can occasionally lift 20 pounds and frequent lift or carry 10 pounds. The ALJ accounted for diminished vision.

3. **Evidence of hand pain**. The week before his hearing, Cooper sought medical treatment for the first time in six years. He complained about dizziness and hand pain. The next week, Cooper testified that the physician diagnosed carpal tunnel syndrome. The physician's treatment note does not mention carpal tunnel syndrome; instead the note assesses "Pain in joint, hand."[29] Cooper also had a urinary tract infection and elevated blood pressure. The physician prescribed blood pressure medication, an antibiotic, an anti-inflammatory for hand pain, diet changes, and 150 minutes of aerobic exercise per week.[30] A reasonable mind would accept the physician's findings and recommendations — particularly, the recommendation for aerobic exercise — as adequate to show Cooper can work.[31] The ALJ's limitation on rapid repetitive movement of the wrists accounted for hand pain.

4. **Vocational expert testimony**. The ALJ asked a vocational expert about available work for a person who can do light work, reduced by: (1) occasional kneeling and crouching, (2) work involving large print, no need for fine vision, (3) no workplace hazards like dangerous machinery or unprotected heights, and (4) no rapid repetitive flexion/extension

---

[27]SSA record at p. 285.

[28]*Id*. at p. 286.

[29]*Id*. at p. 303.

[30]*Id*. at p. 305.

[31]*Myers v. Colvin*, 721 F.3d 521, 527 (8th Cir. 2013) ("In the absence of other evidence in the record, a physician's unrestricted recommendations to increase physical exercise are inconsistent with a claim of physical limitations.").

movement of either wrist.[32]  The vocational expert identified available work.[33]  A reasonable mind would accept this evidence as sufficient to show Cooper can work.  To the extent he contends the ALJ failed to ask the vocational expert about all of his limitations,[34] that claim flows from his allegations.  The ALJ is not required to question a vocational expert about alleged impairments.[35]  The ALJ's question captured the concrete consequences of Cooper's impairments.[36]  The ALJ properly determined that Cooper over-stated his limitations.

**Conclusion**.  Substantial evidence supports the ALJ's decision.  The ALJ made no legal error.  For these reasons, the court DENIES Cooper's request for relief (docket entry # 2) and AFFIRMS the decision denying the application.

It is so ordered this 9th day of December, 2013.

_____
United States Magistrate Judge

---

[32]SSA record at pp. 37-38.

[33]*Id*. at p. 38.

[34]Docket entry # 11, pp. 12-13.

[35]*Davis v. Apfel*, 239 F.3d 962, 966 (8th Cir. 2001) ("A hypothetical is sufficient if it sets forth impairments supported by substantial evidence in the record and accepted as true by the ALJ.").

[36]*Lacroix v. Barnhart*, 465 F.3d 881, 889-90 (8th Cir. 2006) ("[T]he hypothetical question need not frame the claimant's impairments in the specific diagnostic terms used in medical reports, but instead should capture the 'concrete consequences' of those impairments.").